UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

AHMAD ABOUSHI,

                Movant,

       -against-

UNITED STATES OF AMERICA,

                Respondent.
-------------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 05-CV-1244 (FB)

*Appearances:*

| | |
|---|---|
| *For the Movant:* | *For the Respondent:* |
| AHMAD ABOUSHI, *pro se* | ROSLYNN R. MAUSKOPF, ESQ. |
| 50690-004 | United States Attorney |
| FCI Elkton | Eastern District of New York |
| Federal Correction Institution | By: EMILY E. BERGER, ESQ. |
| Post Office Box 10 | Assistant United States Attorney |
| Lisbon, OH 44432 | 147 Pierrepont Street |
| | Brooklyn, NY 11201 |

**BLOCK, Senior District Judge:**

Ahmad Aboushi ("Aboushi"), proceeding *pro se*, moves, pursuant to 28 U.S.C. § 2255, to vacate or correct his sentence. For the following reasons, the motion is denied.

I.

On August 19, 1999, Aboushi was convicted in this Court of conspiracy to rob truck drivers and conspiracy to possess, transport and sell stolen vehicles and goods that had moved in interstate commerce; he was also convicted of fifteen substantive crimes involving the vehicles and goods stolen in the course of the conspiracies. Following Aboushi's conviction, the Court's Probation Department prepared a Presentence Investigation Report ("PSR") that calculated a proposed sentencing range based on the

United States Sentencing Guidelines ("the Guidelines"); the PSR's calculation included sentencing enhancements based on various factors.

Aboushi's counsel raised numerous objections to the PSR. Sustaining some of these objections and rejecting others, the Court calculated that the then-mandatory Guidelines called for a sentence of life imprisonment; however, the Court exercised its discretion to downwardly depart, sentencing Aboushi to 20 years' imprisonment for the robbery conspiracy and to two years' imprisonment for each of the remaining convictions. The Court ordered that the two-year sentences would run concurrently with each other and consecutively to the 20-year sentence, resulting in a total term of imprisonment of 22 years.

Aboushi appealed, raising three challenges to his conviction; he did not, either through counsel or *pro se*, challenge his sentence in any respect. On July 17, 2002, the Second Circuit affirmed Aboushi's conviction by summary order, *see United States v. Aboushi*, 2002 WL 1583903 (2d Cir. Jul. 17, 2002) (unpublished); Aboushi did not seek a writ of certiorari from the United States Supreme Court.

On June 1, 2003, Aboushi filed the subject § 2255 motion.[1] On January 26,

---

[1]The Government has challenged the timeliness of the § 2255 motion, arguing that the motion was not entered on the Court's docket until March 4, 2005, more than one year after his conviction became final upon the expiration of the time for seeking a writ of certiorari on October 15, 2002. *See* 28 U.S.C. § 2255 (imposing a one-year time for filing such motions). In response, Aboushi has submitted an affidavit attesting that he delivered his motion to prison authorities for mailing on June 1, 2003. Under the "prison mailbox rule," "[w]hen a prisoner is proceeding *pro se* . . . , federal courts generally consider his or her petition for *habeas corpus* to have been filed as of the date it was given to prison officials for forwarding to the court clerk." *Adeline v. Stinson*, 206 F.3d 249, 251 n.1 (2d Cir. 2000); *see also Rosario-Dominguez v. United States*, 353 F. Supp. 2d 500, 506-07 (S.D.N.Y. 2005) (applying rule to § 2255 motion). Since the Government

2

2005, Aboushi filed a "supplement" seeking leave to amend the motion.[2]

## II.

The Court grants Aboushi leave to amend. As amended, his § 2255 motion presents three claims: (1) that he was denied effective assistance of counsel because both his trial and appellate counsel failed to argue that the Court's sentence violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000); (2) that he was denied effective assistance of counsel because his counsel failed to challenge the Court's sentencing enhancements on appeal; and (3) that the Court's sentencing enhancements violated *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 125 S. Ct. 738 (2005). These claims are without merit.

### A. Ineffective Assistance: *Apprendi*

With respect to his claim that his trial and appellate counsel were ineffective for failing to argue that his sentence violated *Apprendi*, Aboushi must satisfy both prongs of the test articulated in *Strickland v. Washington*, 466 U.S. 668 (1984). First, he must show that "counsel's representation fell below an objective standard of reasonableness," *id.* at

---

has not submitted any evidence contradicting Aboushi's affidavit, the Court concludes that his § 2255 motion was timely filed.

[2]The Government argues that this "supplement" is also untimely because it was filed more than one year after Aboushi's conviction became final and does not relate back to the filing of the original § 2255 motion under Federal Rule of Civil Procedure 15(c). The Supreme Court recently explained relation back in the *habeas* context in *Mayle v. Felix*, 125 S. Ct. 2562 (2005), holding that relation back is not appropriate "when the new claims depend upon events separate in 'both time and type' from the originally raised episodes," *id.* at 2571 (quoting *United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir. 1999), but that "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." *Id.* at 2574. The Court concludes that, under *Mayle*, the claim raised in Aboushi's "supplement" would relate back to the filing of his § 2255 motion because, as explained *infra*, all claims stem from the Court's sentencing enhancements.

688; in so doing, he must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Second, he must show prejudice, that is, "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694; a reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.*

Aboushi cannot satisfy either prong. *Apprendi* holds only that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. Aboushi's sentence created no *Apprendi* issue because it did not exceed the applicable statutory maximums; therefore, it was neither objectively unreasonable nor prejudicial for Aboushi's trial and appellate counsel not to argue that his sentenced violated *Apprendi*.

To the extent Aboushi means to argue that counsel should have argued that the Court's consideration of enhancements pursuant to the Guidelines violated *Apprendi*, the argument must fail. Prior to *Blakely* and *Booker*, it was settled law in the Second Circuit that "nothing in [*Apprendi*] alters a sentencing judge's traditional authority to determine those facts relevant to selection of an appropriate sentence within the statutory maximum. an authority the Supreme Court has recognized both before the Sentencing Guidelines . . . and since their adoption." *United States v. Garcia*, 240 F.3d 180, 183 (2d Cir. 2001) (citations omitted). Thus, Aboushi cannot demonstrate that counsel's failure to raise such an argument was objectively unreasonable. *See Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994) ("Counsel is not required to forecast changes in the governing law.") Moreover,

4

since the argument, if raised, would plainly have been rejected by this Court and the Second Circuit under *Garcia*, Aboushi cannot demonstrate prejudice.

## B. Ineffective Assistance: Sentencing Enhancements

With respect to his second ineffective-assistance claim, Aboushi does not specify which of the numerous enhancements he believes should have been challenged on appeal; instead, he simply lists his trial counsel's objections to the PSR. This shotgun approach fails to satisfy *Strickland* for several reasons.

First, the Court sustained several of trial counsel's objections. It obviously was not ineffective for appellate counsel not to challenge enhancements the Court did not include in its sentencing calculation.

Second, many of the enhancements were based on the Court's findings of fact, which would have been reviewed only for clear error on appeal. *See, e.g., United States v. Sash*, 396 F.3d 515, 520 (2d Cir. 2005) ("We review the factual findings of a district court for its imposition of a sentencing enhancement, pursuant to the Guidelines, for clear error[.]"). Aboushi has failed to demonstrate that his appellate counsel acted objectively unreasonably in deciding not to raises issues subject to this stringent standard of review.

Finally, having reviewed the enhancements it considered in calculating Aboushi's sentence, the Court concludes that each enhancement was based on a correct interpretation of law and abundant factual support, and, therefore, would have been upheld on appeal. Aboushi therefore cannot demonstrate that appellate counsel's failure to challenge the enhancements was prejudicial.

5

## C. *Booker/Blakely*

Aboushi's claim that his sentence violated *Blakely* and/or *Booker* is barred by *Guzman v. United States*, 404 F.3d 139, 144 (2d Cir. 2005), which holds that *Booker* "does not apply to cases on collateral review where the defendant's conviction was final as of January 12, 2005, the date that *Booker* issued." *See also Fuse v. United States*, 2005 WL 2173743, at *3 n.4 (S.D.N.Y. Sept. 7, 2005) (noting that "the logic of *Guzman* . . . indicates that *Blakely*, like *Booker*, is not retroactively applicable to cases on collateral review."). As noted, Aboushi's conviction became final on October 15, 2002, long before either *Blakely* or *Booker* was decided.

## III.

Aboushi's § 2255 motion, as amended, is denied. Because Aboushi has failed to make a substantial showing of the denial of a federal right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

**SO ORDERED.**

/s/
_____
FREDERIC BLOCK
United States District Judge

Brooklyn, New York
December 12, 2005